No. 72.—WILLIAM C. THOMAS, plaintiff in error, *vs.* JOHN G. WINTER and others, defendants in error.

In a suit in equity against several persons, a demurrer by a part of them, may be heard and determined before the others have been served with the bill.

In Equity, from Muscogee Superior Court. Decision by Judge WORRILL. November Term, 1856.

This was a bill by William C. Thomas, complainant, against the Bank of St. Marys, John G. Winter, George W. Winter, Joseph S. Winter, and Joseph S. Winter & Co., defendants.

John G. Winter and George W. Winter, two of the defendants, demurred to the bill; and after hearing argument, the Court overruled the demurrer, whereupon complainant's solicitor moved to enter on the minutes of the Court the following order, to-wit:

"WILLIAM C. THOMAS,
         *vs.*                    } In Equity. Demurrer.
JOHN G. WINTER, THE BANK
OF ST. MARYS and others.

After hearing the argument of counsel for complainant and defendants, on the demurrer filed in the above case, it is ordered and decreed that the said demurrer be overruled."

Defendants' counsel objected to this order, on the ground that all the defendants had not been served, and the Court refused to grant the order, unless the complainant show that all the defendants had been served.

To which refusal and ruling, complainant excepts.

WILLIAM DOUGHERTY, for plaintiff in error.

WELLBORN, for defendants in error.

Smith vs. Cooper, Ex'r.

*By the Court.*—BENNING, J. delivering the opinion.

In this case the only question is, whether the Court below has the right to hear and determine the demurrer of two of defendants before the other defendants had been served with the bill.

We think that the Court had this right. Parties defendants may sever in equity, and each may put in a separate or a different defence. If so, it would seem to follow as a matter of course, that separate defences may be determined separately, at least if they are such that their determination is a matter for the Court and not for the jury.

Such separate determination cannot, in general, affect the rights of any of the other parties in the case, whether parties plaintiff or parties defendant.

We say, therefore, that the Court ought to have determined the demurrer. As to what the judgment on the demurrer should have been, we say nothing.

Judgment reversed.