Warner, Chief Justice.
1. The plaintiff brought his action of trover against the defendants to recover the value of seventeen shares of Southwestern Railroad stock which the plaintiff alleged the defendants had converted to their own use. On the trial of the case, the jury found a verdict for the plaintiff for the sum of $1,819 00. A motion was made by the defendants for a new trial, which was granted by the Court, and the plaintiff excepted. It appears from the evidence in the record, that the defendants were partners, doing: business in the name of E. D. Smythe & Company, *421 that the plaintiff agreed to loan them the seventeen shares of stock for the purpose of raising money for the benefit of the firm. Plaintiff and Butler, one of the partners, who was the son-in-law of the plaintiff, applied to Palmer & Deppish for a loan of money, who were willing to make it, provided the plaintiff would transfer the title of the stock to them, to secure the .payment of the money, which was done on the books of the railroad company. When the money borrowed from Palmer & Deppish became due, another loan was. negotiated with Wallace Cumming & Company to pay it, thereupon, Palmer & Deppish transferred the stock on the books of the company to the defendants, who transferred it to Wallace Cumming & Company, they holding the title to the stock, as security for the money advanced by them.. This was all done with the knowledge and consent of the plaintiff, who stated that the loan of the stock was to be returned to him upon his demand. When the firm of E. D. Smythe & Company was dissolved, the plaintiff made a demand of his stock from the defendants, but could not get it. Smythe said he would return it only when he got ready. The money, .$1,500 00, advanced by Wallace Cumming & Company to the defendants, for the security of which the title to the stock was transferred to them by the consent of the plaintiff, has *not been paid, and the question in the case is, whether the plaintiff can maintain an action of trover against the defendants for a wrongful conversion of the stock, on the statement of facts disclosed by the record. According to my individual judgment, he cannot. Trover may be maintained when one has in his possession the personal goods of another, or has sold them, or used them without the consent of the -owner, and refuses to deliver them when demanded. The defendants did not have the possession of the railroad stock when the plaintiff demanded it of them, but it was in the possession of Wallace Cumming & Company, where it had been placed by the defendants, with the plaintiff’s consent. They had not made any unauthorized use of the stock against the plaintiff’s consent, which, in law, would amount to a conversion of it.
2. Mere non-feasance is not a conversion as, if one employed to sell goods has neglected to sell them, or where one promises to pay money to redeem stock and does not do it. All that can be said in this case, is that the defendants by their mere nonfeasance, have failed to pay the debt due by them to Wallace Cumming & Company to secure the payment of which the stock was transferred to them by the plaintiff’s consent, and which they had the right to retain as against the defendants and plainúffs, until their debt was paid. The demand of the stock by the plaintiff of the ■ defendants, when they did not have the possession of it, and when he knew that they did not have the possession of it, and when he did not have a right to the immediate possession of it, did not change the legal aspect of the case, in my judgment, so far as the question of the conversion of the stock by the defendants is concerned. But the majority of the *422 Court are of the opinion, that if it had been shown by the evidence in the record, that at the time of the plaintiff’s demand of the stock or at the time of the commencement of this action, the debt of the defendants to Wallace Cumming & Company, had become due, and for the payment of which the stock was pledged with the plaintiff’s consent, the refusal or omission of the defendants to pay that debt, and redeem the stock on demand of the plaintiff, would have *been such a conversion of it as would authorize the plaintiff to maintain trover for its recovery, or the value thereof. Inasmuch, however, as the evidence in the record does not show whether the debt of the defendants to Wallace Cumming & Company was due at the time the plaintiff’s demand of the stock was made, wre all concur in affirming the judgment of the Court below in granting the new trial.
Let the judgment of the Court below be affirmed.