## PRUETT r. COWSART et al.

ATKINSON, J. 1. J. F. Pruett died on May 12th, 1909, leaving a widow and several children by a former marriage. The widow sought to have dower assigned out of certain land, which the children resisted on the ground that the property had been conveyed to them by Pruett before his death. The instrument relied on as a conveyance of the property was dated August 21st, 1908, but was not recorded until after the death of Pruett. It was in the form of a warranty deed, and recited, among

other things, that the former wife of the grantor and the mother of the grantees in the deed in 1867 inherited from her father $940, of which amount $754 was invested by the grantor, with the consent of his then wife, in the land described in the deed, such sum being the full purchase-price of the land; that by oversight, neglect, or ignorance of the difference that would be made, title to the land was taken in the name of the grantor in the present deed instead of the name of his then wife, thus placing the legal title in such grantor, but leaving the equitable title in his wife, which had remained in her ever since; that she died in April, 1902, intestate, and no administration has ever been had upon her estate; and that as the grantor desired that the legal as well as the equitable title to the land should be placed in the heirs at law of his first wife, in order that full justice and equity should be done, "and in consideration of the facts herein set forth, as well as for the natural love and affection I hold for my said children hereinbefore named, and also for the consideration that I am to remain in possession of said lands and receive the benefits therefrom as long as I live," the grantor conveyed unto the grantees all interest in the land, including his own interest as an heir at law of his first wife. Upon the introduction of the instrument objection was urged to its admissibility on the grounds: "(a) Because the said deed appears to have been recorded since the death of the grantor; and further it is a testamentary paper purely and not a deed. (b) The recitals contained in said deed are not binding upon the widow and should not be allowed to go to the jury for the purpose of defeating the widow in her dower rights, and as to her passed no title to the grantees. (c) Upon the further ground that the said deed, as insisted by the widow, is without consideration, the objectionable recitals being eliminated from the consideration of the court and jury. (d) Because it appears upon the face of said deed that the recitals in it contained is but an effort by the grantor to perpetuate his testimony as to his own knowledge as to whose property was sought to be conveyed and to whom it had or should have belonged and to whom it should go. (e) Because the recitals in said deed are self-serving declarations made in contemplation of early death and possible or probable litigation afterwards, and therefore inadmissible." *Held*, that the instrument conveyed an estate in presenti, with possession postponed until after the death of the grantor, and was not testamentary in character. *Isler* v. *Griffin*, 134 *Ga.* 192 (67 S. E. 854). The other grounds of objection urged to its admissibility were without merit.

2. The evidence introduced upon the trial was insufficient, under any view, to authorize a finding that the land was the property of J. F. Pruett at the time of his death, and there was no error in directing a verdict against the applicant for dower.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

August 22, 1911.

Application for dower. Before Judge Brand. Gwinnett superior court. July 12, 1910.

*N. L. Hutchins* and *J. A. Perry*, for plaintiff.

*O. A. Nix* and *I. L. Oakes*, for defendants.