PERRY, administrator, *v.* REYNOLDS, guardian.

1. Where one, to defraud his creditors, conveys and transfers his property to another, his administrator can not maintain an equitable action against the transferee to get possession of the property for the purpose of paying the creditors of the decedent.
2. But where a petition brought by an administrator is based, not only on the claim of right to recover the property transferred under the circumstances indicated in the preceding headnote and for the purposes there stated, but also on the right to recover the property for the estate of the decedent on the ground that the latter was of such unsound mind at the time of executing the conveyance as incapacitated him to make a valid contract, the entire petition should not be dismissed upon general demurrer.

JANUARY 12, 1912.

Equitable petition. Before Judge Frank Park. Decatur superior court. November 19, 1910.

*John R. Wilson* and *Russell & Custer,* for plaintiff.

*Will H. Krause,* for defendant.

BECK, J. This petition was brought by E. J. Perry, as administrator of Mrs. M. J. Reynolds, against J. E. Reynolds, guardian ad litem of James Irwin Reynolds. It seeks to have a deed, executed by the said Mrs. Reynolds to the said James Irwin Reynolds, her grandson, canceled, and other equitable relief. The petitioner bases his right to the relief sought upon two grounds: The first is that the deed was executed for a totally inadequate consideration, and was of the nature of a voluntary conveyance for love and affection; and that as the administrator of his intestate, he is entitled to recover possession of the land, which is now in the possession of the defendant, in order that he may sell the same for the purpose of paying the valid demands of creditors against the estate of his intestate; the intestate being insolvent at the time of her death, unless the deed referred to be treated as invalid and the property be decreed to be a part of her estate. The other ground is, that the decedent was, at the time of the execution of

the deed, "mentally incapable of executing said conveyance, by rea-
son of her long-continued illness and the infirmities of age, and
that at the time said·deed is purported to have been made she was
totally incapacitated and of such unsound mind that she was un-
able to make a legal and valid conveyance." The plaintiff prayed,
that, should the court find upon the trial that any consideration
whatever was paid by the grantee in the deed, "then the equity
over what was actually paid be sold for the benefit of the estate."
Demurrers, both general and special, were filed. The court did
not pass upon the special demurrers, but granted an order sus-
taining in terms the general demurrer.

1. So much of the petition as may have for its purpose the set-
ting aside of the deed because it was executed upon an inadequate
consideration, or a consideration merely of love and affection, and
that for this reason the administrator is entitled to recover the
land for the purpose of bringing the same to sale in order that
the debts against the estate of the decedent may be paid with the
proceeds, was clearly open to demurrer. An administrator can
not recover land which has been conveyed by his intestate, though
the conveyance was a voluntary deed and without consideration,
merely·for the purpose of subjecting the property thus conveyed
to the demands of creditors against the estate. In such an action
he stands in no better situation than his intestate would have stood
had she, in her lifetime, brought an action to recover the property
for the purpose of using it in paying debts which might have ex-
isted against her. This precise question was decided by this court
in the case of *Crosby* v. *DeGraffenreid,* 19 *Ga.* 290, where it was
said: "A, to defraud his creditors, transfers his property to B,
and dies. His administrator files a bill against B, to get posses-
sion of the property, that he may, with it, pay the creditors. *Held,*
that there is no equity in the bill."

2. But if, as alleged in the petition, Mrs. M. J. Reynolds was,
because of mental unsoundness, incapable of contracting at the
time of the execution of the deed, after her death her personal
representative had the right to bring this petition for the purpose
of setting aside the conveyance. *Orr* v. *Equitable Mortgage Co.,*
107 *Ga.* 499 (33 S. E. 708). And if the conveyance in the present
case was not purely for love and affection, but some consideration,
though inadequate, was paid, a decree may be molded, under the

allegations of this petition and the prayers thereof, that would protect any rights which the grantee may have as to the consideration which he may have actually paid for the conveyance.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*