BOSWELL *et al.*, adm'rs, *v.* BOSWELL, adm'r, *et al.*

1. In a suit in equity against several persons, a demurrer by some of them may be heard and determined at the appearance term, and before the others have been served with the petition and process.
2. Where a debtor, to defraud his creditors, conveys his property to another, his administrator can not maintain an equitable action against such grantee to recover the property for the purpose of paying the creditors of the decedent.

No. 349. FEBRUARY 25, 1918.

Equitable petition. Before Judge Park. Greene superior court. April 28, 1917.

The administrators of L. J. Boswell filed an equitable petition in Greene superior court, against the administrator of R. P. Boswell, the S. M. Whitney Company, a copartnership, the Georgia-Florida Trust Company, a corporation, and George K. Johnson and John W. Hamer, trustees, the last two being non-residents of the State. The petition alleged as follows: The estate of L. J. Boswell is insolvent; judgments aggregating $12,000 were obtained against him in his lifetime, and many other claims are pressing for settlement. On June 30, 1910, he conveyed 27 tracts of land (described) to the trustees aforesaid, to secure a debt of $35,000. This debt was reduced to $28,000. On December 9, 1912, L. J. Boswell conveyed to R. P. Boswell his equity in the land, assigning at the same time his bond for reconveyance, to secure an indebtedness of $7,000 due to R. P. Boswell. In fraud of his creditors L. J. Boswell remained in possession of the land, claiming it as his own; and in 1913 he executed and delivered to the Georgia-Florida Trust Company a bond for title to a portion thereof, but, the trust company being insolvent, the trade was never carried out. Numerous suits were filed against L. J. Boswell; and R. P. Boswell brought a colorable suit to declare his title to the land absolute, and named L. J. Boswell, the trust company, and one Willis as parties defendant. No answer to this suit was filed; and by a fraudulent understanding with L. J. Boswell and for the purpose of hindering, delaying, and defrauding his creditors, the administrator of R. P. Boswell (who in the meantime had died) was permitted to have a collusive decree confirming R. P. Boswell's title. This administrator took possession of the lands, of the value of $60,000, which constituted practically all the property of L. J. Boswell. The Whitney Company acquired an interest in the lands,

with R. P. Boswell's estate, but with notice. Both the deed to R. P. Boswell and the decree aforesaid were fraudulent and void as against the creditors of L. J. Boswell, and his administrators are entitled to recover the lands in a court of equity for the benefit of the creditors. If any of the defendants have acquired any legal or equitable rights in the lands, it is prayed that they be protected. By amendment to the petition a list of the creditors of the estate of L. J. Boswell was attached, and the petitioners asked that these creditors be made parties plaintiff to the suit. Before the trustees and the trust company had been served, but at the appearance term, R. P. Boswell's administrator and the Whitney Company filed general demurrers, which were sustained, and the petitioners excepted.

*Samuel H. Sibley,* for plaintiffs. *Noel P. Park,* for defendants.

GEORGE, J. (After stating the foregoing facts.)

1. The first question is whether the trial court had the right to hear and determine the demurrers of two of the defendants before the other defendants had been served with the petition and process. The precise question was ruled in *Thomas* v. *Winter,* 21 *Ga.* 358, where it is said: "In a suit in equity against several persons, a demurrer by a part of them may be heard and determined before the others have been served with the bill." It is there pointed out that each defendant may put in a separate or a different defense, and that separate defenses may be determined separately.

2. The remaining question is, did the petition set forth a cause of action. An administrator can not recover land which has been conveyed by his intestate for the purpose of hindering, delaying, or defrauding his creditors. It is immaterial that the administrator proposes to subject the land in the hands of such grantee to the demands of the creditors of the decedent. The question was decided by this court in the case of *Crosby* v. *DeGraffenreid,* 19 *Ga.* 290, where it was said: "A, to defraud his creditors, transfers his property to B, and dies. His administrator files a bill against B, to get possession of the property, that he may, with it, pay the creditors: *Held,* that there is no equity in the bill." In *Moore* v. *Cline,* 115 *Ga.* 405, 408 (41 S. E. 614), it was said: "Even if the conveyance had been fraudulent, the son's administrator would be estopped to attack it on that ground. He stands in the shoes of the intestate, and the latter if in life could not

attack the transaction on the ground of fraud;" citing *Crosby* v. *DeGraffenreid,* supra; *Beale* v. *Hall,* 22 Ga. 431; *Bush* v. *Rogan,* 65 *Ga.* 320 (38 Am. R. 785); *Hall* v. *Armor,* 68 *Ga.* 449, 453; *McDowell* v. *McMurria,* 107 *Ga.* 812 (33 S. E. 709, 73 Am. St. R. 155). See also *Edwards* v. *Kilpatrick,* 70 *Ga.* 328, 333. The decision in *Crosby* v. *DeGraffenreid,* supra, was expressly approved in the late case of *Perry* v. *Reynolds,* 137 *Ga.* 427 (73 S. E. 656). The whole purpose of the petition in the present case was to set aside a deed alleged to have been made by the plaintiff's intestate for the purpose of hindering, delaying, and defrauding his creditors, such intention being known to the grantee at the time of the delivery of the deed; and to set aside a decree declaring the grantee's title to the land conveyed by plaintiff's intestate to be absolute, upon the ground that the decree was collusive and was taken for the purpose of hindering, delaying, and defrauding the creditors of the intestate. It is said that the administrators should be allowed to maintain this equitable action, because there are numerous creditors, several tracts of land, and a multiplicity of suits will thereby be prevented. The answer is, the matter is of no concern to the administrators. There is neither necessity nor right in the administrator of a fraudulent grantor to maintain an action for such purpose. Such an action is necessarily against, not by, the administrator. All judgment creditors of a debtor who has made a conveyance of his property with intention to hinder, delay, or defraud his creditors, such intention being known to the party taking, may unite in an equitable petition against the grantor and the grantee, for the purpose of subjecting the property to the payment of the debts of the grantor. *Maynard* v. *Armour Fertilizer Works,* 138 *Ga.* 549 (75 S. E. 582).

We are requested to review and overrule the decisions in *Crosby* v. *DeGraffenreid,* and *Perry* v. *Reynolds,* supra, and others of similar import, for the reason that the words, "and others," inserted first in the Civil Code of 1895 as section 2695 (Civil Code of 1910, § 3224) which in part reads, "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz.: . ." are broad enough to include any one suing for the use of creditors. It is insisted that the words, "and others," have not been considered and construed since the adoption of the Code of 1895. We call attention to the

case of *McDowell* v. *McMurria,* supra, where the words quoted were considered and where it was ruled that these words were intended "to include with creditors such persons other than creditors who have any rightful claim or demand against the grantor, for which such person is entitled to have a judgment in any court of law or equity." It is there declared that by the statute of 13 Eliz., from which the code section under consideration is taken, such conveyances by debtors are void only as to such persons, that is, creditors and persons other than creditors who have any rightful claim or demand against the grantor. Upon review, we adhere to the ruling announced in the decisions referred to above.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*