## HARBER et al. v. HARBER.

ATKINSON, J. 1. " Dower is the right of a wife to an estate for life in one third of the lands, according to valuation, including the dwelling-house (which is not to be valued unless in a town or city), of which the husband was seized and possessed at the time of his death, or to which the husband obtained title in right of his wife." Civil Code (1910), § 5247.

2. " In all cases to determine the character of an instrument, whether it is testamentary or not, the test is the intention of the maker, from the whole instrument, read in the light of the surrounding circumstances. If such intention be to convey a present estate, though the possession be postponed until after his death, the instrument is a deed; if the intention be to convey an interest accruing and having effect only after his death, it is a will." Civil Code (1910), § 3828.

3. " There being in this State no statute inhibiting the sale of land by the husband to defeat his wife's right of dower, save as to lands to which the title 'came through her, an actual sale and conveyance, though made for the purpose of defeating dower, will be upheld in favor of the purchaser against the widow's claim after her husband's death." Flowers v. Flowers, 89 Ga. 632 (15 S. E. 834, 18 L. R. A. 75).

(a) In this respect a voluntary conveyance stands upon the same footing and has the same effect as a conveyance based on an actual sale. Pruett v. Cowsart, 136 Ga. 756 (72 S. E. 30). In the case last cited it was held, in part, that a voluntary conveyance by a husband, of land in which he had an undivided interest as an heir of a former wife, would defeat the claim of dower asserted by a second wife after his death, notwithstanding that such conveyance recited that a part of its consideration was that the grantor was to remain in possession of the land and receive the benefits therefrom as long as he lived.

4. On August 24, 1916, G. W. D. Harber, a widower 65 years of age, married May Harber, a widow 44 years old. At the time of the marriage Harber had a large estate consisting of both realty and personalty, and nine children by a former wife who died about one year previously to the second marriage. Under such circumstances Harber made a will in January, 1917. Being subsequently informed by his attorney at law that his will could not defeat the right to dower in the real estate of which he might die seized and possessed, Harber proceeded, for the avowed purpose of preventing his widow (should his wife survive him) from taking dower in his lands, to convey all of it separately to his children. There were 10 deeds executed and delivered at different dates between March 21st and April 12th, 1919. The deeds were in the form of warranty deeds, some of which purported to convey the fee to the first taker; some provided a life-estate in the first taker, with remainder over; some were to trustees for the use of persons not sui juris; all but one contained substantially the clause: " The grantor is to have the full control of the above-described lands, and is to receive the rents and profits from the same for and

during his natural life, and at his death the grantees above named are to do as they see fit with said land or the rents and profits from the same; while the fee-simple title to the above tracts of land is passed by this deed, the enjoyment of the same is postponed until after the death of the grantor." Each deed recited as the consideration, "five dollars and love and affection." After all of the deeds were executed and delivered, Harber executed another will dated May 14, 1919. Item 2 of this will provided: "I give and bequeath unto my wife, May Harber (she being my second wife), during her lifetime or widowhood only, the income or interest from twelve thousand dollars, and at her death or marriage the corpus or principal to revert back to my children mentioned in item 12 of this my will. This twelve thousand dollars is to be invested by my executors hereinafter named in good stocks, bonds, or real estate, and I desire my executors to confer with her about what property she would prefer it to be invested in; however my executors are not bound to invest said sum in such property that she may prefer; this to be in full of all claims of every kind that she may have against my estate in way of dower or child's part, and she is not to account for any money or property I have already given her." Item 10 provided: "In view of the fact that I have heretofore deeded certain real estate to certain of my children, as will appear from the deeds, in order to do equity between all the grantees in said deeds, I desire and direct the value of $40.00 per acre be placed on all the lands so deeded, except the Barber and Eberhart places, and that the values of the Barber place shall be $100.00 per acre and the Eberhart place shall be $65.00 per acre, and that the grantees under said deeds shall contribute to each other on the above basis, so that they shall all receive equal values under said deeds." Harber died on February 11, 1920, and his widow claimed a right to dower in all the land described in the several deeds, on the basis that the deeds were fraudulent and void as against her; and being so, Harber died seized and possessed of the lands within the meaning of the law of this State relating to dower, so that she acquired a dower interest in the land. *Held:* Applying the foregoing principles of law to the evidence submitted on the hearing before the judge, there being no evidence tending to show that the voluntary conveyances were parts of a mere colorable transaction, and not intended to convey in presenti the title and ownership of the grantor to the grantees, with the right of possession postponed until after the death of the grantor, the judge erred in granting an interlocutory injunction restraining the grantees in the conveyances from selling or incumbering the lands.

5. The foregoing rulings are controlling, without regard to the admissibility of certain evidence which the court admitted.

*Judgment reversed. All the Justices concur.*

No. 2274. SEPTEMBER 24, 1921. REHEARING DENIED OCTOBER 1, 1921.

Injunction. Before Judge J. B. Jones. Hall superior court. September 18, 1920.

*W. W. Stark, E. C. Stark,* and *A. C. Wheeler,* for plaintiffs in error. *H. H. Perry* and *W. A. Charters,* contra.