HARBER *et al. v.* WHELCHEL, ordinary, *et al.*

1. Where a father gives to his children his lands, and by deeds conveys the same to them, reserving the use and enjoyment thereof to himself for life and postponing the possession and enjoyment thereof by his children until after his death, such lands are subject to the inheritance tax imposed by the laws of this State.
2. Where a father conveyed his lands by deeds as above set out, and disposed of his personal estate by will, and where the personalty of his estate after his death was appraised and the inheritance tax thereon was paid by his executors, such appraisement of his personalty and the payment of the inheritance tax due thereon will not preclude the proper officials from having such lands assessed for the purpose of collecting the inheritance tax due thereon and from collecting the same.
3. The chancellor did not err in dismissing the petition on demurrer, and in declining to grant a temporary injunction.

No. 3674.    OCTOBER 10, 1923.

Equitable petition. Before Judge J. B. Jones. Hall superior court. March 3, 1923.

W. Y. Harber and John J. Harber as executors of the estate of G. W. D. Harber, and as trustees of Pattie Gilleland and Mary Dillard Harber, W. Y. Harber, John J. Harber, and Ethel Porter as guardian and trustees of Leo Harber, and W. Y. Harber, John J. Harber, Marie Gould, Ruth Powell, and Ethel Porter filed their petition for injunction against W. D. Whelchel, ordinary of Hall County, F. E. O. Whelchel, tax-collector, and John M. Hulsey, C. L. Newton, and J. N. Rogers, appraisers, and made this case: On April 12, 1919, G. W. D. Harber, by his two deeds, conveyed to W. Y. Harber, John J. Harber, Ethel Porter, Henry Harber, Ruth Powell, Marie Gould, Leo Harber, Pattie Gilleland, and Mary Dillard Harber certain tracts of land. The consideration of both deeds is "the sum of $5.00 and love and affection." Both deeds contain this provision: "The grantor in this deed is to have the full use and control of the above property, and is to use the same as he sees fit for and during his natural life; while the title to said above-described property is vested in the grantees named in this deed, the enjoyment of the same is postponed until after the death of the grantor." The grantor died testate on Feb. 11, 1920, and his will was duly probated. His will disposed of no real estate, but only money and other personalty. His will contained this provision: "In view of the fact that I have heretofore deeded

certain real estate to certain of my children, as will appear from the deeds, in order to do equity between all the grantees in said deeds, I desire and direct the value of $40.00 per acre be placed on all the lands so deeded, except the Barber and Eberhart places, and that the value of the Barber place shall be $100.00 per acre, and the Eberhart place shall be $65.00 per acre, and that the grantees under said deeds shall contribute to each other on the above basis so that they shall all receive equal values under said deeds." The lands referred to in this item are those conveyed in the above deeds. The estate of the testator "was appraised at or about the sum of $97,578.83," no real estate being embraced in the appraisal; "and by agreement of the interested parties the ordinary of . . Hall County fixed and appraised the inheritance tax on the same as provided for by an act approved August 19, 1913," at $440.60 which was paid by the executors on Feb. 9, 1921. The ordinary and tax-collector are theatening and proceeding to collect an additional amount of inheritance tax out of the lands so deeded by testator to his children by said deeds previously to his death, contrary to law; and the ordinary has appointed appraisers for that purpose. At the death of testator no title or interest in said real estate passed, nor did his estate have any right, title, or interest in the same, so as to make said lands liable for an inheritance tax, said deeds of testator conveying the same to his children having been bona fide made and delivered to the grantees on April 12, 1919, and the testator having died on Feb. 11, 1920. Plaintiffs prayed that the defendants be enjoined from collecting an inheritance tax from said lands. The defendants demurred to the petition, on the grounds: (1) that there is no equity therein; (2) that no facts are therein stated which entitle plaintiffs to an injunction; and (3) that the petition on its face shows that the lands conveyed to testator's children are subject to the inheritance tax provided by the laws of this State. The judge sustained the demurrer, dismissed the petition, and refused an injunction; and error is assigned upon this judgment.

W. W. *Stark* and *E. C. Stark,* for plaintiffs.

W. P. *Whelchel* and *B. P. Gaillard Jr.,* for defendants.

Hines, J. (After stating the foregoing facts.)

1. Where a father by deeds conveys to his children his lands, reserving to himself the full use and control of the same for and

during his natural life, and postponing the enjoyment thereof by his children until after his death, such deeds vest the present legal title in the children, but postpone the use, enjoyment, and possession of the grantees until after the death of the grantor. This court has held that these deeds vested the title in presenti in the grantees. *Harber* v. *Harber,* 152 *Ga.* 98 (108 S. E. 520). This being so, are these lands subject to the inheritance tax imposed by the law of this State? They are so subject, whether the question is to be determined by the inheritance-tax act of Aug. 19, 1913 (Acts 1913, p. 91), or by the act of Aug. 19, 1919 (Acts 1919, p. 58). By the very letter of both acts, they are subject to the inheritance tax. The language of the act of 1913 is " all property within the jurisdiction of this State, real and personal, and every estate and interest therein, whether belonging to the inhabitants of this State, or not, which shall pass on the death of a decedent by will or by the laws regulating descents and distributions, or by deed, grant, or gift, except in cases of a bona fide purchase for a full consideration, made, or intended to take effect in possession or enjoyment, after the death of the grantor or donor," shall be subject to this tax. Practically this is the language of the act of 1919. By this act, " all property  .  .  which shall pass on the death of the decedent  .  .  by deed, grant, or gift, except in cases of a bona fide purchase for a full consideration, made, or intended to take effect in possession or enjoyment, after the death of the grantor or donor," is made subject to this tax. Where the property passes by will or descent, it is subject to this tax. Where it passes by deed, grant, or gift, with immediate possession and enjoyment, it is not subject to this tax; but where it so passes, except in the one exception named, but the gift or grant is made or intended to take effect in possession or enjoyment after the death of the grantor or donor, it is subject. 37 Cyc. 1567, 1568. It is not a tax on property, but is in the nature of a tax upon the right to receive or dispose of property by devise or descent, or by gift or grant intended to take effect in possession or enjoyment after the death of the grantor or donor. *Martin* v. *Pollock,* 144 *Ga.* 605 (87 S. E. 793) ; *Farkas* v. *Smith,* 147 *Ga.* 503 (94 S. E. 1016). The tax will attach immediately on the acquisition of title by devise or descent, or it may not attach until the acquisition of possession and the commencement of use and enjoyment, in

cases of deeds, grants, or gifts, with use and possession reserved.
So we are of the opinion that these lands, under the terms of the
deeds by which they were given to the grantees, are subject to the
inheritance tax of this State.

2. It is insisted that the estate of the testator was appraised for
the purpose of collecting this tax, and the tax paid, and that for
this reason it can not be again appraised and an additional in-
heritance tax imposed and collected. If all of the property of the
testator subject to this tax had been appraised and the tax paid,
that would have been the end of the matter, unless changed upon
review or appeal as provided by the act of Aug. 15, 1921 (Acts
1921, p. 203). But it appears from the allegations of the plain-
tiffs' petition that only the personal estate of the deceased was ap-
praised, and that the only tax paid was that due on such per-
sonalty. The lands of testator conveyed by these deeds were not
appraised, and the inheritance tax due upon them was not paid.
The inheritance-tax law contemplates the assessment of all the
property of the decedent subject to that tax. The omission to as-
sess these lands and to collect the inheritance tax on their assessed
value by the proper officers of the county does not relieve the tax-
payer from such tax. No such easy method of paying taxes has
yet been promulgated by law. *Ga. R. &c. Co.* v. *Wright,* 124 *Ga.*
596 (53 S. E. 251); *Douglas* v. *McCurdy,* 154 *Ga.* 814 (115 S. E.
658).

3. The chancellor did not err in dismissing the petition on de-
murrer and in declining to grant a temporary injunction.

*Judgment affirmed. All the Justices concur.*