SORRELLS *et al. v.* SORRELLS *et al.*

ATKINSON, J. 1. The court did not error in dismissing the petition. According to the petition the conveyance was made "solely for the purpose of defeating any claim that the wife might make for alimony." The wife returned to her husband's abode and continued to live with him as wife until his death. The husband's cruel treatment in cursing and abusing the wife was, therefore, forgiven and condoned. The contemplated suit for alimony was abandoned. The husband having died, no judgment for alimony can ever be rendered. Such judgment not being possible, equity has no jurisdiction or power to cancel the deed. *Parker* v. *Parker*, 148 *Ga.* 196 (4 *a*) (96 S. E. 211).

2. Even if it be conceded (and we do not decide this question) that a deed executed for the purpose of cutting off a year's support may be canceled on the ground of fraud, the petition .in this case does not contain any allegation that the deed was executed with that intent and purpose.

3. In this State there is no statute inhibiting the voluntary conveyance of property by the husband to defeat his wife's right of dower, save as to lands to which the title came through her. *Harber* v. *Harber*, 152 *Ga.* 98 (3 *a*) (108 S. E. 520), and cit.

*Judgment affirmed. All the Justices concur.*

No. 5126. SEPTEMBER 22, 1926.

Equitable petition. Before Judge Blair. Cobb superior court. September 22, 1925.

A man having a wife and minor child owned certain land in common with his mother, on which they resided. The marital relations were not happy; and in contemplation of driving the wife and child from his home, and avoiding payment of alimony, the husband, on November 3, 1924, executed a deed purporting to convey his interest in the land to his mother for a named valuable consideration, and the deed was duly recorded. There was in fact no consideration to support the deed, and it was made solely for the purpose of defeating any claim that the wife might make for alimony. On November 24, 1924, the husband, in pursuance of his above-mentioned plan, cursed, abused, and threatened to kill the wife, and drove her with their child from his home. After this incident the wife commenced investigation with the view of suing for alimony; and the husband, fearing exposure at that time, sent for the wife and child, they being in ignorance of the deed, and took them back to the home. They lived together in the

Cancellation of Instruments, 9 C. J. p. 1233, n. 87.
Dower, 19 C. J. p. 516, n. 30.
Husband and Wife, 30 C. J. p. 1075, n. 80; p. 1077, n. 16; p. 1094, n. 33.

family abode until the husband died in March, 1925, and there-
after the wife and child continued to live in the same house. On
May 30, 1925, the widow in her own behalf and as next friend
for the child instituted an action against the mother and the
administrator of the estate of the husband. The petition as
amended alleged all that is stated above; and that the deed was
void because it was fraudulently made without consideration, for
the purpose of avoiding recovery of alimony, and consequently the
land was still the property of the estate; that the deed operated as
a cloud upon the title of the estate; that plaintiff as widow was
entitled to have dower and a year's support set apart out of the
land, and was about to make application for the same. The prayers
were that the deed be decreed to be void, that the same be can-
celed as a cloud upon title, and that general relief be granted.
The petition as amended was dismissed on general demurrer, and
the plaintiff excepted.

　　*H. B. Moss,* for plaintiffs.　　*J. Z. Foster,* for defendants.