### Arteaga *v.* Arteaga *et al.*

Hines, J. 1. All express trusts must be created or declared in writing. Civil Code (1910), § 3733.

(a) Where one, to defraud his creditors, conveys his property to another, his administratrix can not maintain an equitable action against the grantee to cancel her intestate's conveyance, to recover from the grantee the rents, issues, and profits of the land conveyed, and to recover possession thereof. *Crosby* v. *DeGraffenreid,* 19 *Ga.* 290; *Perry* v. *Reynolds,* 137 *Ga.* 427 (73 S. E. 656).

(b) Where a husband dies, and the wife has obtained no judgment against him for alimony, and it being impossible to obtain such judgment because of the death of the husband, equity, at the instance of his wife, either individually or as his administratrix, has no jurisdiction or power to cancel a deed made by him to defeat a recovery of alimony by the wife. *Parker* v. *Parker,* 148 *Ga.* 196 (4 *a*) (96 S. E. 211); *Sorrells* v. *Sorrells,* 162 *Ga.* 734 (134 S. E. 767).

(c) Applying the principles above ruled, the petition set forth no facts which would authorize the plaintiff to recover from the mother of her intestate the land in the City of Atlanta.

2. Petitioner alleges that at the time of his death her husband was the owner of a certain cut diamond stone of the reasonable value of $2,000, which said stone was then and is now in possession of the defendants, and which they refuse to deliver to her' as such administratrix, although petitioner alleges that she is entitled to the possession of the said stone. She prayed that the defendants be required to deliver said stone to her or pay her the value thereof. *Held:* ·

(a) The facts alleged make a case of trover, which may be maintained when one has in his possession the personal property of another, and refuses to deliver it when demanded. *Savage* v. *Smythe,* 48 *Ga.* 562, 564.

(b) The purpose of the petition is not to obtain a mandatory injunction to compel the defendants to deliver the personal property sued for, but to recover it or its value.

(c) Since the passage of the uniform procedure act of 1887 (Civil Code (1910), § 5406), a petition which sets forth a legal cause of action, though using terms appropriate to an equitable proceeding, in so far as the same does not seek any extraordinary relief, is not demurrable on the ground that the plaintiff has an adequate remedy by bringing an action at law. *Teasley* v. *Bradley*, 110 *Ga.* 497 (4) (35 S. E. 782, 78 Am. St. R. 113).

3. Petitioner alleges that at the time of his death her intestate was the owner of an undivided interest to the extent of $1,000 in certain realty jointly owned by the defendant Bernabe Arteaga and by her said intestate, but standing in the name of said defendant; and that she is entitled to an accounting from the said defendant. She prays that said defendant be required to account to her for the sum of $1,000, or that he be required to sell the property above referred to, and pay petitioner the proportionate part owned by her in said property. While these allegations are meager, and would be subject to a special demurrer for want of sufficient allegations showing clearly and definitely how the interest of the intestate in this land arose, the petition, when fairly construed, means that the intestate had paid into the purchase-money of this land $1,000, thus giving to him and this defendant a joint interest in the property, and that by reason of this fact an implied trust resulted in favor of the deceased; and for this reason the petition was not subject to a general demurrer.

4. A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed. *McLaren* v. *Steapp*, 1 *Ga.* 376; *Dyson* v. *Washington Telephone Co.*, 157 *Ga.* 67 (3), 78 (121 S. E. 105); *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333). Applying this principle, the general demurrer to the petition should have been overruled, unless the case should be dismissed upon the ground that the petition was multifarious.

5. The defendants demurred to the petition in this case upon the ground that it was multifarious for the reason that it sets up separate and distinct causes of action against separate and distinct parties. As to the Atlanta property, the relief prayed for is only against the defendant, Mrs. Arteaga; as to the diamond stone, relief is prayed for against both defendants; and as to the undivided interest in the real estate on the Roswell Road, relief is prayed for against Bernabe Arteaga alone. The petition was multifarious and was demurrable for this reason; but as courts of equity are loath to dismiss bills for multifariousness, we remand the case with leave to the plaintiff to amend her petition by striking out therefrom the cause of action sought to be enforced against Mrs. Bernabe Arteaga as to the Atlanta real estate, and by striking out either the portion of her petition in which she seeks to recover from both defendants the diamond stone, or that portion in which she seeks to recover an undivided interest in the land located on the Roswell Road; and that, if such amendments are made, the judgment sustaining the

demurrer to the petition be reversed, but, if such amendments are not made, that the case be dismissed upon demurrer for multifariousness. *Morgan* v. *Shepherd*, 69 *Ga.* 308.

*Case remanded with direction. All the Justices concur.*

No. 7357. DECEMBER 14, 1929.

598

*Erle R. Daley* and *Sutherland & Tuttle,* for plaintiff.

*H. J. Haas, I. M. Wengraw, Branch & Howard,* and *Bond Almand,* for defendants.