## BOONE *v.* TAYLOR.

No. 12019. FEBRUARY 16, 1938.

*Edward J. Goodwin,* for plaintiff.
*Emanuel Javetz,* for defendant.

BELL, Justice. Mrs. Jeanette Boone filed a suit in the superior court of Chatham County against her husband G. A. Boone and C. L. Taylor, residents of that county, to cancel a deed made by the former to the latter, which purported to convey a described tract of land situated in the City of Savannah. The petition alleged that the plaintiff was married to G. A. Boone in 1911, and separated from him on July 15, 1935. The deed, which was executed December 30, 1935, was made with the express intent and purpose of defeating the plaintiff's claim for alimony, and "of protecting said property from any alimony judgment of petitioner." It was made fraudulently and without valuable consideration, and Boone, the grantor, has no other property out of which the plaintiff could realize a judgment for alimony. Boone is without the jurisdiction of this State, and service can not be made upon him for the purpose of filing a proceeding for alimony and support. The plaintiff is the mother of six minor children, "the issue of said marriage," who are living with petitioner at the home located on the property in question. The defendant Taylor has given notice that he will evict the plaintiff unless she vacates the premises, and he is now preparing to institute proceedings for that purpose. The prayers were: (a) "That the sale or purported sale be cancelled and set aside;" (b) that the defendants be restrained and enjoined from selling or encumbering the property; (c) that the land be decreed to be the property of the defendant Boone; (d) and for process. Taylor, who alone was served, filed a general demurrer, which the court sustained upon the ground that no action for divorce or alimony was pending. The plaintiff excepted.

Properly construed, the petition shows upon its face that the plaintiff has not obtained a judgment for alimony, and that no separate action for alimony is pending; nor does the petition itself embrace an action therefor. The suit is for cancellation and injunction, and nothing more. The plaintiff's right to injunction and cancellation, or either, is dependent upon her right to a judgment for alimony. *Parker* v. *Parker,* 148 *Ga.* 196 (4-*a*) (96 S. E. 211). Whether under the other facts of the case she might have sued to have the property seized and appropriated to the payment of alimony, despite the fact that the husband is without the jurisdiction of the court and can not be served (*Forrester* v. *Forrester,*

155 *Ga.* 722, 118 S. E. 373) ; *Donalson* v. *Bridges,* 162 *Ga.* 502, 134 S. E. 302; *Wood* v. *Wood,* 166 *Ga.* 519 (3), 143 S. E. 770), the petition does not proceed upon this theory. Nor does it otherwise state a cause of action, since it asserts no claim for alimony, is not based upon an existing judgment for such, and shows that no independent action therefor is pending. Upon the facts alleged, without more, the plaintiff was not entitled to the relief of cancellation or injunction, and the court did not err in sustaining the general demurrer. *Gibbs* v. *Harrelson,* 147 *Ga.* 404 (94 S. E. 235) ; *Sorrells* v. *Sorrells,* 162 *Ga.* 734 (134 S. E. 767) ; *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (151 S. E. 5) ; and see especially *Spinks* v. *LaGrange Banking & Trust Co.,* 160 *Ga.* 705, 711 (129 S. E. 31). *Judgment affirmed. All the Justices concur.*