## CHEATHAM *v.* SHEPPARD *et al.*

DUCKWORTH, Justice. 1. While in this State there is no statute inhibiting a conveyance of land by a husband to defeat his wife's right of dower, save as to lands the title to which came through her, and an actual conveyance, though made for the purpose of defeating dower, will be upheld in favor of the grantee against the wife's claim after her husband's death, yet a mere colorable conveyance, not intended by the parties to be real and operative, the grantor to be the real owner and the grantee to be the nominal and formal owner only, will leave the husband seized so far as the dower right is concerned, and his widow, after his death, may claim dower and have it assigned, notwithstanding such colorable and pretended conveyance by the husband. *Flowers* v. *Flowers,* 89 *Ga.* 632 (15 S. E. 834, 18 L. R. A. 75).

(*a*) A bona fide voluntary conveyance, though made for the purpose of defeating the wife's right to dower, stands upon the same footing and has the same effect as a conveyance based on an actual sale. *Pruett* v. *Cowsart,* 136 *Ga.* 756 (72 S. E. 30); *Harber* v. *Harber,* 152 *Ga.* 98 (3 a) (108 S. E. 520).

2. The deceased husband of the petitioner, by a deed in his lifetime reciting a consideration of ten dollars and natural love and affection for the grantee, his sister, conveyed described realty to her which she by will devised to the defendants in the present action. In an equitable suit, brought by the wife of the grantor after the death of the grantee, it

was alleged that the deed to the grantee was a voluntary conveyance, induced by certain described acts of fraud, deceit, misrepresentation, and undue influence on the part of the grantee, and was a colorable conveyance, which was made to defeat the petitioner's right to dower and year's support as the wife of the grantor, and was never intended to be real and operative. It was alleged that the grantor remained in exclusive possession and control of the property until his death about four years after the execution of the deed; that the petitioner had made demand on the representative of the grantor's estate to bring suit to recover the property as belonging to the estate, and that he refused to do so; and that, as the grantor's widow and sole surviving heir at law, she has the right to maintain the present action in her own name. *Held*: Under the evidence the jury was authorized to find that the deed attacked by the petitioner was a bona fide conveyance and not a mere colorable transaction, and to return a verdict in favor of the defendants. *Judgment affirmed. All the Justices concur.*

No. 14928. SEPTEMBER 9, 1944.

*Carl K. Nelson, Marvin G. Russell,* for plaintiff.
*L. P. Strickland,* for defendants.