25652. WOFFORD v. CHAMBERS LUMBER COMPANY.

SUBMITTED FEBRUARY 9, 1970—DECIDED MARCH 5, 1970.

*Stow, Garvin & Glenn, James A. Glenn, Jr.,* for appellant.

*Telford, Wayne & Stewart, W. Woodrow Stewart,* for appellee.

ALMAND, Chief Justice. On May 7, 1969, Chambers Lumber Co. filed its complaint in ejectment against George W. Wofford seeking to recover possession of a certain tract of land consisting of 65.26 acres in Hall County.

It alleged that it held the legal title to said tract by virtue of a warranty deed from Dorothy W. Nance dated July 29, 1968. Mrs. Nance had owned said tract by virtue of a warranty deed dated May 30, 1962, from Harvey P. Morrison. It was further alleged that Mr. Morrison owned said tract by virtue of a warranty deed dated December 1, 1961, from the defendant, George W. Wofford.

In his answer, the defendant, in support of his cross action, alleged that he has owned and been in possession of the subject tract of land since May 7, 1954. His prayer was that relief be denied the plaintiff and that he have judgment against the plaintiff in the sum of $2,500.00, "due to the facts of [plaintiff] being contangerous [sic] litigants."

Both plaintiff and defendant filed motions for summary judgment. Plaintiff's motion for summary judgment was granted and the similar motion of defendant was denied. The judgment was based on the entire record in this case together with the record in the case of George W. Wofford v. Dorothy Wofford Nance, Harvey P. Morrison and the Citizen's Bank, #11,951; and certified copies of deeds.

The appeal is from this order.

The facts in this case remind one of the words of Philip James Bailey, "The first and worst of all frauds is to cheat oneself."

The facts upon which the court determined that there was no genuine issue of fact for determination by the jury are: Appellant George W. Wofford, on January 1, 1961, was the owner of a tract of land in Hall County containing 65.26 acres. On that day he overheard a telephone conversation between his wife, Irene Wofford, and her former husband, Charles Nance. In this conversation, his wife said that she was going to divorce him (Wofford) and take the tract of land mentioned above.

Later that day, Wofford and his first wife, Dorothy Wofford Nance, met at the residence of Harvey P. Morrison, "at which time it was agreed that the property would be conveyed to Harvey P. Morrison, without any consideration whatsoever, for the sole purpose of holding same until such time as [Wofford's] domestic difficulties could be solved."

On December 1, 1961, Wofford conveyed the subject tract of land by warranty deed to Harvey P. Morrison, reciting as consideration, "Ten dollars and other valuable considerations." This deed was recorded on January 12, 1962. In his deposition, Wofford testified that his purpose in conveying this property was to keep his wife from acquiring any interest in this property and to keep anyone from trying to undermine him or take the property from him.

On May 30, 1962, Morrison, by warranty deed, conveyed the property to Dorothy Wall Wofford, (who was the first wife of George Wofford). This deed recites as consideration, "Ten dollars and other valuable considerations," and was recorded on July 13, 1962.

On July 26, 1966, Dorothy Wofford Nance executed to the Citizens Bank a deed to secure debt in the sum of $14,140. This deed was recorded July 27, 1966. On July 29, 1968, Dorothy W. Nance executed a warranty deed to Chambers Lumber Co. conveying the subject property, and reciting as consideration, "$10 and other valuable considerations." This warranty deed recited that it was subject to the security deed to Citizens Bank mentioned above.

The trial judge had before him a copy of the record of the suit filed in Hall Superior Court by George Wofford against Dorothy Wall Wofford Nance a/k/a Dorothy Wall Wofford,

Harvey P. Morrison and the Citizens Bank. In that suit, Mr. Wofford sought cancellattion of all the deeds mentioned above. This case was disposed of on October 12, 1967, when the court entered a summary judgment on behalf of the defendants.

The appellant, in his answer, cross action, motion for summary judgment, and through the affidavit of Harvey P. Morrison asserted that he had been in open and uninterrupted possession of the subject property since May 7, 1954, had paid all taxes, and received all rents and profits. He further asserted that the deeds from Wofford to Morrison and from Morrison to Dorothy Wofford were without consideration of any kind.

It appears without contradiction that the appellant's sole purpose in conveying the subject property to Harvey P. Morrison was to defeat any claim that his wife might have against him and his property in a divorce action against him, as well as others who might try to "undermine" him.

The deed from the appellant to Morrison containing a warranty of title and purporting to be made upon a valuable consideration is valid and binding between the parties, though made for the purpose of defrauding creditors. The parties are in pari delicto, and the conveyance is an executed contract. Therefore, the appellant, as grantor of the deed, cannot impeach it as a muniment of title in the vendee and his successors in title, whether possession of the land has been delivered under it or not. Nor does it matter whether the vendee really paid the purchase money. *Parrott v. Baker*, 82 Ga. 364 (4) (9 SE 1068); *Arteaga v. Arteaga*, 169 Ga. 595 (1a) (151 SE 5).

The trial court properly held that the appellee was, on its paper and record title, entitled to the writ of possession to the subject tract of land and did not err in granting the motion for summary judgment. Nor did it err in denying the appellant's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*