J. W. HEINEMAN, surviving partner, plaintiff in error, *vs.* DAVID NEWMAN, defendant in error.

Where A sells goods to B with a view to defraud his, A's, creditors, the law will not aid him to collect his debt, but will leave the parties where it finds them.

Debtor and creditor. Fraud. Before Judge STROZER. Dougherty Superior Court. October Term, 1874.

Reported in the opinion.

WRIGHT & POPE, for plaintiff in error.

STROZER & SMITH, for defendant.

JACKSON, Judge.

This suit was brought on an open account. The account was proved to be correct. The defense was that the goods were sold to defendant to defraud creditors, and the single question submitted to us is, whether such an account can be collected. The court charged the jury that "if plaintiff sold the goods to defendant with a view to defraud his, plaintiff's, creditors, then the law will not aid him to collect his debt, but will leave him, plaintiff, where it finds him." The sole question is, does this charge give the law of the case correctly?

This general question first came before this court in the case of *Howell, administrator, vs. Fountain and others*, 3 *Kelley*, 176, and was most elaborately argued and decided by Judge NISBET. Numerous authorities are cited to sustain the conclusion to which the court comes, and that conclusion is embodied in these words: "Courts of justice will not lend their aid to enforce an illegal or immoral contract; if it be executed they will not disturb it, but leave the parties where they find them. No action can be maintained upon an immoral or illegal transaction, when the transaction was not subsequent or collateral, but directly connected with the unlawful act."

The question again arose in the case of *Peacock vs. Terry*, in 9 *Georgia Reports*, 137, and in the case of *Gault and others vs. Jackson*, 9 *Georgia Reports*, 151, where, in equity, the same principle is substantially announced. Again, in 19 *Georgia Reports*, 290, in the case of *Crosby, administrator*, against *De Graffenreid*, it was held that, where A, to defraud his creditors, transfers his property to B and dies; his administrator files a bill against B to get possession of the property; that he may with it pay creditors, there is no equity in the bill, that is, the law will leave the parties where it finds them. It is true, there are some remarks of Judge BENNING, in delivering the opinion, which seem to sustain the views of the plaintiff in error here; but they are not in conflict, we think, with the idea that the courts will remain passive, and will not interfere to aid either party to such a transaction. So in 20 *Georgia Reports*, 600, there are some words of Chief Justice LUMPKIN to the effect that a contract is good between the parties themselves, though bad as to creditors defrauded. But we nowhere find a case where the courts will aid one party to such a contract to enforce it against the other. The principle laid down by Judge NISBET in 3 *Kelley*, has never been overruled. This contract was illegal certainly as to the creditors defrauded, and grossly immoral as between the parties to it, and courts of justice will not touch it at all, but leave the parties just where they find them: See 1 Fairfield,

71; 20 Wendell, 24; 4 Hill, 424; 10 Yerger, 228; 1 Mee. & Welby, 159, 166; 1 American Leading Cases, 45.
Judgment affirmed.