TUCKER, administrator, *v.* KNIGHTS OF PYTHIAS OF
NORTH AND SOUTH AMERICA, etc.

The court committed no error in overruling the demurrer to the petition,
and in directing a verdict in favor of the defendant.

AUGUST 13, 1910.

Action upon insurance policy. Before Judge Charlton. Chatham
superior court. May 18, 1910.

*Travis & Travis,* for plaintiff.  *Gordon Saussy,* for defendant.

HOLDEN, J.  The administrator of a deceased member of the
"Grand Lodge of the Knights of Pythias of the State of Georgia,"
a mutual benefit society, sued the latter on a policy issued by it to
the member on December 18, 1904, which policy provided that the
order, "under the following express conditions, stipulations, and
agreements now existing or that may hereafter be enacted by
the grand lodge, will pay to the widow, legal heirs or representa-
tives, at the death of" the member, a specified amount, provided
that the member shall have complied with all regulations and laws
of the lodges, and the following conditions, that the member shall
be in good standing in his lodge at the time of his death, and the
records of the endowment bureau shall sustain the same, that the
policy shall not be assigned or hypothecated by the member before
his death, or by his widow, legal heir, or representatives after his
death.  A copy of the policy was annexed to the petition, which al-
leged a compliance by the member and the plaintiff "with all the
terms, conditions, rules and regulations of the said grand lodge
necessary or requisite to entitle the petitioner to collect the said
sum of $300, which the defendant refused to pay."  The defendant
denied liability to the plaintiff, and pleaded and proved payment
of the amount of the policy to the mother of the deceased, who
testified that "she was dependent upon the deceased member."  The
evidence showed that the deceased was never married, and left sur-
viving him his father, mother, and one sister.  The defendant in-
troduced in evidence the preamble to the by-laws and the by-laws
of the Grand Lodge of Georgia in existence at the time the policy
was issued and at the death of the member.  The preamble to the
by-laws states: "Whereas the supreme lodge  .  .  has granted
unto the several grand lodges under its jurisdiction the right and
authority to manage a beneficiary fund and establish bureaus of en-

dowment for ·the benefit of the families and heirs of deceased knights in their respective jurisdictions." The first section of the by-laws provides: "A bureau of endowment is hereby created, whereby, upon satisfactory proof of the death of the sir knight, . . a sum of money named in his certificate shall be paid to his widow, orphans, or dependent relatives, in accordance with the provisions hereinafter made." Another section declared: "Upon the receipt and proof of the death of a knight in good standing, the secretary shall make due publication of the same; and when there has been sufficient proof of the identification of the legal heir or heirs, the board of control shall cause to be paid to the heir or heirs the sum of money from the endowment fund due upon the certificate of endowment." Other sections provided: "Each applicant shall have entered upon his application the name or names of the person or persons to whom he desires his benefits paid. . . In the event of the death of a member of the order, and no person or persons shall be entitled to receive such benefits by the law of this order, one half shall revert to the benefit fund of the endowment bureau and one half to the lodge of which the deceased brother was a member. . . Upon receipt of order from the board of managers, he [secretary and treasurer] shall immediately pay to the legal representatives of deceased knights, through the chancellor commander of deceased member's lodge, the amount due from the benefit fund, receiving therefor receipt, and cancel said brother's policy." The secretary and treasurer "shall issue monthly a circular containing·the following: . .. 5th. The amount paid to legal representatives." Upon the conclusion of the testimony, the court directed a verdict in favor of the defendant, and the plaintiff excepted.

1. In view of the allegations of the petition that the deceased and the plaintiff (the administrator of the estate of the former) had complied "with all the terms, conditions, rules and regulations of the said grand lodge necessary or requisite to entitle the petitioner to collect the said sum of $300," and the stipulation in the policy sued on that the defendant, who issued it, will pay "to the widow, legal heirs or representatives" of the deceased member the amount specified in the policy, there was no error in overruling a general demurrer to the petition, the by-laws of·the defendant not appearing therefrom, and nothing appearing which would preclude

a recovery on the part of the administrator as coming within the class "legal heirs or representatives" referred to in the policy. The order overruling such general demurrer did not preclude the defendant from showing that under its by-laws the "legal heirs or representatives" referred to in the policy did not include the administrator of the deceased member, and that such administrator could not recover on such policy. "A contract entered into by a benefit society with a member is executory, and its terms will be ascertained from the certificate issued to the member, in connection with the charter and laws of the society, subject to the law of the State under which it was created." *Union Fraternal League* v. *Wallon*, 109 *Ga.* 1· (34 S. E. 317, 46 L. R.₊A. 424, 77 Am. St. R. ·350) ; Civil Code, § 2135. The words "representative," and "legal representative," of a person do not necessarily include the administrator or executor of such person; but such words are to be construed in connection with the context and the writings forming a part of the contract in which such words are used. 25 Cyc. 175; 5 Words & Phrases, 4070, 4076. The words above referred to, as employed in the policy. and by-laws of the defendant, construed in the light of the objects and purposes which the order sought to accomplish, were not intended to include the administrator of the member referred to in the policy. See 1 Bacon on Benefit Societies and Life Insurance, § 262; Warner *v.* Modern Woodmen of America, 67 Neb. 233 (108 Am. St. R. 634, 61 L. R. A. 603, 93 N. W. 397) ; Masonic Mutual Relief Association *v.* McAuley, 2 Mackey (D. C.), 70 (2). The court committed no error in directing a verdict in favor of the defendant.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*