4220.   CAIN, temporary administrator, *v.* KNIGHTS OF PYTHIAS OF NORTH AND SOUTH AMERICA, etc. ·

1. "While a valid contract of insurance can not lawfully be taken on the life of another by one who has no insurable interest therein, because it contravenes public policy, yet, as one has an insurable interest in his own life, he may lawfully procure insurance thereon for the benefit of any other person whose interest he desires to promote. Such a contract can not be defeated because of the want of insurable interest in the beneficiary, when it appears that the person whose life was insured acted for himself, at his own expense and in good faith, to promote the interest of the beneficiary, in taking out the policy. A contract so entered into is in no sense a wagering or speculative one."
2. It appearing from the allegations of the petition that the right of action upon the policy sued on was in one other than the legal representative of the insured, the court did not err in sustaining a general demurrer to the petition, without reference to whether a temporary administrator is a legal representative within the meaning of that term as used in the policy.

          DECIDED JULY 23, 1912.

Action on insurance policy; from city court of Savannah—Judge Davis Freeman.   April 5, 1912.

*Oliver & Oliver,* for plaintiff.   *F. B. Pettie,* for defendant.

POTTLE, J.  Cain, as temporary administrator upon the estate of Johnson, brought suit against the Knights of Pythias of North and South America, Europe, Asia, Africa and Australia, to recover a certain amount alleged to be due the estate of the deceased on an insurance policy which had been issued to the deceased. The petition alleged, that the proceeds of the policy were made payable to one Eliza Cunningham, who was named in the policy as Eliza Johnson, alleged to be the wife of the insured, but she was not in fact his wife, and this was known to the insurer, and it is acquainted with the fact that she is not the wife of the insured and

not entitled to the proceeds of the policy. For this reason peti-
tioner alleges that the proceeds of the policy are due to him as
administrator on the estate of the deceased. Attached to the
petition and made a part thereof was a copy of the benefit certificate
issued to the deceased. Its provisions, so far as material, are as
follows: "Under the following expressed conditions, stipulations,
and agreements now existing or that may hereafter be enacted by
the grand lodge [it] will pay to Eliza Cunningham, wife, heirs,
or legal representative of such heir or heirs, at the death of [the
insured], an endowment of not less than fifty dollars, nor more
than three hundred and fifty dollars, being the total amount under
this policy; provided that [the insured] shall have complied with
all the laws and regulations of the grand and subordinate lodges"
which follow. The conditions are, that the insured be at the time
of his death a member in good standing; that the policy shall not
have been assigned, transferred, or hypothecated to any person be-
fore the death of the insured; that the policy shall not be assigned,
transferred, or hypothecated after the death of the insured, by his
widow or legal representatives, or such heir or heirs, without the
consent of the grand lodge; that if the policy shall have been as-
signed, transferred, or hypothecated by the insured prior to his
death, or by his widow, heirs, or legal representatives of such heir
or heirs, after the death of the insured, without the consent of the
grand lodge, then the policy shall become void, and all rights and
benefits arising from the same shall cease and terminate forever;
that upon a faithful compliance with the foregoing stipulations
and laws of the endowment bureau and subordinate lodge, and
upon satisfactory proof of the death of the insured, the endowment
bureau will pay, "as above expressed," according to a certain tab-
ulated statement set forth in the certificate. The trial judge sus-
tained a general demurrer to the petition, holding that the plain-
tiff was not a legal representative within the meaning of that term
as used in the benefit certificate, and was, therefore, not entitled to
bring the action.

Counsel for the plaintiff in error state in their brief that the
sole question before the court is, "Has the temporary administrator
authority, under the law, to collect the proceeds of this policy, and
is he within the contemplation of the term 'legal representative?'"
They present cogent reasons in their brief why a temporary ad-

ministrator is permitted, under the laws of this State, to bring suit to recover upon a policy of insurance payable to the estate of his intestate. The rule of practice is well settled that a judgment will be sustained if right for any reason, even though the reason given by the trial judge for entering the judgment may have been, in the opinion of the reviewing court, wrong. Taking into consideration the business and principles of the order in which the plaintiff's intestate was insured, it would seem not to have been in contemplation of the parties that recovery on the policy could be had by an administrator or executor of the deceased. The term "legal representative" does not always include executor or administrator. Under a very similar contract to the one involved in the present case, the Supreme Court held that a permanent administrator on the estate of the insured could not recover. See *Tucker* v. *Knights of Pythias*, 135 *Ga.* 56 (68 S. E. 796). It is significant, as determining the meaning intended to be placed by the parties upon "legal representative," that one of the conditions was that the policy should not be assigned after the death of the member, either by his widow, or his heir, or legal representatives of such heir. It would seem, therefore, that in contemplation of the parties the benefit fund was to be paid over either to the beneficiaries named or legal representatives of the heirs of the insured.

But be this as it may, we are quite clear that the judgment dismissing the petition on general demurrer was right for another reason. The policy was made payable to Eliza Cunningham, and a fair construction of the allegations of the petition is that Eliza Cunningham is still in life. There is some doubt as to whether it was intended to be stated in the certificate that Eliza Cunningham was the wife of the insured. Her name is set forth as Eliza Cunningham, and a proper construction of the certificate would seem to be that the proceeds of the policy were to be paid to Eliza Cunningham if in life, or to the wife, heirs, or legal representatives of such heirs, if neither Eliza Cunningham nor the wife of the insured should be in life. But it is entirely immaterial whether Eliza Cunningham is stated to be the wife of the insured or not, and it is also immaterial whether she is in fact his wife or not. The petition alleges that the insured himself took out the policy of insurance and carried on the insurance during his lifetime; and by this it was necessarily intended to be alleged that the insured paid

the premiums and himself controlled the policy. Insurance can not be taken out by another on the life of one in whom the person taking out the policy has no insurable interest. Such insurance would be void and contrary to public policy. It would be nothing more than a wagering or speculative contract, "yet, as one has insurable interest in his own life, he may lawfully procure insurance thereon for the benefit of any other person whose interest he desires to promote. Such a contract can not be defeated because of the want of insurable interest in the beneficiary, when it appears that the person whose life was insured acted for himself, at his own expense and in good faith, to promote the interest of the beneficiary, in taking out the policy. A contract so entered into is in no sense a wagering or speculative one." *Union Fraternal League* v. *Walton,* 101 *Ga.* 1 (34 S. E. 317, 46 L. R. A. 424, 77 Am. St. R. 350); *Grand Lodge Knights of Pythias* v. *Barnard, 9 Ga. App.* 71 (70 S. E. 678). These decisions are decisive of the present case. The fact that Eliza Cunningham was not the wife of the insured, and that the insurer knew this fact, constituted no reason why she was not entitled to the proceeds of the policy. It not being alleged that Eliza Cunningham is not in life, and it being inferable from the allegations of the petition that she is in life, this constitutes a sufficient reason for dismissing the petition on general demurrer, without reference to the right of the temporary administrator to recover if Eliza Cunningham is not in life.

*Judgment affirmed.*