## 5982. JOHNSON et al. v. KNIGHTS OF PYTHIAS OF NORTH AND SOUTH AMERICA, ETC.

1. It being inferable, from the allegations of the petition, that the beneficiary designated in the policy of life insurance sued on is still in life, the court did not err in sustaining a general demurrer to a suit brought by alleged heirs at law of the deceased, who are not designated in the policy as beneficiaries. On this point the decision is controlled by the ruling of this court in *Cain* v. *Knights of Pythias*, 11 *Ga. App.* 364, 367 (75 S. E. 444).

2. The invalidity of a beneficiary's claim of the right to collect the amount stipulated as payable under the terms of an insurance policy may be waived by the insurer, or asserted as a defense, at the insurer's option. In the present case, it being inferable, from the allegations of the petition, that the insurer, with full knowledge of all the facts, waived the beneficiary's disability, if any existed, the disability or disqualification of the beneficiary affords the plaintiffs no ground. to recover upon an allegation that they are the sole heirs at law of the deceased.

DECIDED DECEMBER 9, 1913.

Action on insurance policy; from city court of Savannah—Judge Davis Freeman. May 14, 1913.

*Oliver & Oliver, W. S. Connerat,* for plaintiffs.

*J. H. Kinckle, George W. Owens,* for defendant.

RUSSELL, C. J. 1. This court has previously had under consideration the contract of insurance on which this action is based. In *Cain* v. *Knights of Pythias*, 11 *Ga. App.* 364 (75 S. E. 444), we held that the administrator of Joseph H. Johnson (who was the insured in the policy now before us) could not maintain the action then before the court. The facts are fully stated in the decision in that case. We then concluded our discussion of the case by the statement that, as it was inferable, from the allegations of the petition, that Eliza Cunningham was still in life, that alone afforded sufficient reason for dismissing the petition; and upon the present petition we reiterate that statement.

2. Apparently the only real difference between that case and the present case is that in that case the suit was brought by the legal representative of the deceased, and it is now proceeding in the name of his heirs at law. It is alleged in the present case that "the proceeds of said policy were made payable to one Eliza Cunningham, who was named in said insurance policy as Eliza Johnson, the alleged wife of said Joseph H. Johnson." The contract of insurance sued upon is attached, by copy, to the petition, and though

the word "wife" is used in the contract, in designation of possible beneficiaries, the only Eliza in the list is not designated as Eliza Johnson, but is called Eliza Cunningham. As has been frequently held, one who procures insurance upon his own life and himself pays the premiums may 'fix an insurable interest in his life in any one whose interest he desires to promote. There is a stipulation in the present contract of insurance that under no condition shall any of the benefits conferred by the policy be paid on any claim depending upon concubinage, or to any claimant living with the insured in a state of concubinage. It is alleged in the petition that the beneficiary, Eliza Cunningham, suffers from the disability, but it is also averred that the insurer, the Knights of Pythias of North and South America, etc., knew that Johnson lived with Eliza Cunningham in a state of adultery and that she was not his lawful wife. It is not necessary to determine what would be the rights of a beneficiary where the insurer, with full knowledge of the beneficiary's disabilities, accepted the premiums paid by the insured, for her benefit, for six years. It is enough to say that the defense to the payment on the ground of the beneficiary's disability would be one which could be asserted by the insurer alone. It would afford no ground for the payment of the policy to others than the beneficiary; for if the beneficiary's disability has not already been waived, the insurer could waive it, even if the insurer had been all along ignorant of the existence of the state of facts upon which the condition of disability rests. If the insurer in this case, with knowledge of the state of concubinage existing between the deceased and Eliza Cunningham, the beneficiary, saw proper to waive that disability, it could do so; and if for any reason it saw fit to pay the beneficiary named in the policy, there would be no right of recovery remaining in the heirs at law of the deceased or in their legal representatives. The contract would be extinguished by payment. And it is optional with the insurer to assert the invalidity of the contract as to Eliza Cunningham, or her disability to collect the proceeds of the policy, because, "while a valid contract of insurance can not lawfully be taken on the life of another by one who has no insurable interest therein, because it contravenes public policy, yet, as one has an insurable interest in his own life, he may lawfully procure insurance thereon for the benefit of any other person whose interest he desires to promote. Such a contract can not be defeated because of the

want of insurable interest in the beneficiary, when it appears that the person whose life was insured acted for himself, at his own expense and in good faith, to promote the interest of the beneficiary, in taking out the policy. A contract so entered into is in no sense a wagering or speculative one." *Cain* v. *Knights of Pythias,* supra. It does not appear from the charter or by-laws of the defendant fraternal order that the insured might not have designated any person whom he desired to select as beneficiary; and "if there is nothing in the charter or by-laws of the organization, or in the statutes of the State, restricting the appointment, the member may designate whomsoever he pleases, and no one can question the right." Bacon on Benefit Societies, § 246. The court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed.*