## DISTRICT GRAND LODGE NO. 18 etc. *v.* COTHRAN.

1. Where the wife of a member of a mutual benefit association, who is named as a volunteer beneficiary in a certificate issued by such association, dies without leaving child or children, and without debts, prior to the death of the member, neither the administrator of the deceased member nor the administrator of the deceased beneficiary is a proper party to bring suit against the association for the benefit named in the certificate.

2. In the question propounded by the Court of Appeals it does not appear that there is any provision made in the constitution, by-laws, or certificate issued by the mutual benefit association, providing for the payment of the benefit named in the certificate, upon failure of a beneficiary qualified to take. Where such provision is made in the constitution, by-laws, or certificate, or by the statutes of the State, the rule might be different.

No. 3628. OCTOBER 12, 1923.

Questions certified by Court of Appeals (Case No. 13563).

*Branch & Howard, Bond Almand,* and *Willingham, Wright & Covington,* for plaintiff in error.

*Harris & Harris,* contra.

HILL, J. The Court of Appeals requested instructions from the Supreme Court upon the following question: " Where the wife of a member of a mutual benefit association, who is named as a volunteer beneficiary in the certificate issued by such association, dies without leaving child or children, and without debts, prior to the death of the member, is the administrator of the deceased member, or the administrator of the deceased beneficiary, the proper party to bring suit against the association?" The question as to whether the administrator of the deceased beneficiary, under the facts as stated by the Court of Appeals, is a proper party to sue for the benefit named in the certificate, seems to have been settled by the decisions of this court. In *Dell* v. *Varnedoe,* 148 *Ga.* 91 (95 S. E. 977), this court held: " A mere volunteer beneficiary in a certificate issued by a mutual benefit association upon the life of one of its members has no vested interest therein prior to the death of the member." And in *Smith* v. *Locomotive Engineers Association,* 138 *Ga.* 717 (76 S. E. 44), it was held that " The interest of a beneficiary in a certificate on the life of a member of such association has a mere expectancy which becomes vested only on the death of the member." See also Pilcher *v.* Puckett, 77 Kan. 284 (94 Pac. 132, 17 L. R. A. (N. S.) 1083 (3), and note).

The general insurance law is not applicable to mutual benefit associations, such as the one involved in the present case.  Park's Code, § 2564 (t) ; *Union Fraternal League* v. *Walton,* 112 *Ga.* 315 (37 S. E. 389) ; *Fraternal Life Association* v. *Evans,* 140 *Ga.* 284 (78 S. E. 915) ; *Perry* v. *Tweedy,* 128 *Ga.* 402 (6) (57 S. E. 782, 119 Am. St. R. 393, 11 Ann. Cas. 46).

The next inquiry is as to whether the administrator of the deceased member can bring suit against the mutual benefit association.  The weight of outside authority is to the effect that in the event of the death of the beneficiary in a mutual benefit association certificate, in the lifetime of the member, if the member fails to designate another beneficiary of the class provided by the constitution and by-laws of the order, the benefits in such case revert to the order.  Bacon on Life and Acc. Ins. (4th ed.)  § 313; *Warner* v. *Modern Woodmen,* 67 Neb. 233 (93 N. W. 397, 61 L. R. A. 603, 108 Am. St. R. 634, 2 Ann. Cas. 660) ; 29 Cyc. 152, 162.  In 19 R. C. L. 1314, it is said: " By the decided weight of authority, however, if a member dies leaving no designated beneficiary qualified to take, and there is no one who is entitled to payment under the charter, constitution, or by-laws of the association, or by virtue of statutory provisions, then the association is under no obligation to pay to any one, nor can the fund be recovered by his executor or administrator as assets of his estate."

There is no waiver of the right to the fund on the part of the mutual benefit association, but on the contrary it is insisted that the association is entitled to it.  In the following cases the member's heirs took to the exclusion of the beneficiary's heirs or representatives: Haskins v. Kendall, 158 Mass. 224 (33 N. E. 495, 35 Am. St. R. 490) ; Espy v. American Legion of Honor, 7 Kulp, 134; Speegle v. Sovereign Camp, 77 S. C. 517 (58 S. E. 435) ; Fischer v. American Legion of Honor, 168 Pa. 283 (31 Atl. 1089) ; Supreme Council v. Gehrenbeck, 124 Cal. 43 (56 Pac. 640) ; Michigan Mut. Ben. Asso. v. Rolfe, 76 Mich. 146 (42 N. W. 1094) ; Supreme Council v. Bevis, 106 Mo. App. 429 (80 S. W. 739) ; Richmond v. Johnson, 28 Minn. 447 (10 N. W. 596) ; Daniels v. Pratt, 143 Mass. 216 (10 N. E. 166).  Note in 17 L. R. A. (N. S.) 1086.  But, in some of those cases at least, provision was made, either in the constitution, charter, or by-laws of the society, preventing a forfeiture.  But in the question propounded

by the Court of Appeals there is no suggestion that there is any provision in the constitution, charter, by-laws of the society, or in the certificate of membership, either generally or specially, or by statute of the State, which would prevent a forfeiture; and we take it that the disposition of the benefit is generally determined by these provisions. In the absence of such provisions we hold with the weight of outside authority, that the benefit reverts to the society; and answering the question prounded by the Court of Appeals as asked, and assuming that the Court of Appeals means to ask whether in the one case or the other the administrator can bring suit against the association for the benefit named in the certificate, we are of the opinion that neither the administrator of the beneficiary nor the administrator of the member of the mutual benefit association is a proper party to bring suit against the association for the benefit named in the certificate, so far as disclosed by the form of the question propounded by the Court of Appeals.

*All the Justices concur.*