13563.  DISTRICT GRAND LODGE No. 18 etc. *v.* COTHRAN, adm'x, *et al.*

LUKE, J.  1. Where the wife of a member of a mutual benefit association, who is named as a volunteer beneficiary in a certificate issued by the association, dies without leaving child or children, and without debts, prior to the death of the member, and where it does not appear that in the constitution or by-laws of the association, or in the certificate issued by it, there is any provision for payment of the benefit on failure of a beneficiary qualified to take such benefit, and where no such provision is made by the statutes of this State, neither the administrator of the deceased member nor the administrator of the deceased beneficiary can bring suit against the association for the benefit named in the certificate, but such benefit reverts to the association. *District Grand Lodge No. 18 etc.* v. *Cothran* (this case), 156 *Ga.* 631 (119 S. E. 594).

2. It is unnecessary to decide whether the by-laws of the defendant association (adopted after the issuance of the policy in question), providing that in such a case as the one at bar the benefit should revert to the association, are void, since, under the above-stated ruling of the Supreme Court in this case, the benefit under the policy would revert to the association unless some person were entitled to it under the charter, constitution or by-laws, or the certificate issued by the association, or by virtue of statutory provisions of this State, and it does not appear in this case that any person was so entitled.

3. Under the facts of the instant case there is no merit in the contention of the defendant in error that the plaintiff in error had an adequate remedy at law, and therefore could not invoke the aid of equity.

4. Under the foregoing rulings and the facts of the case, the court erred in refusing to set aside the judgment.

   *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 14, 1923.

Motion to set aside judgment; from Floyd superior court—Judge Wright. April 1, 1922.

*Branch & Howard, Willingham, Wright & Covington,* for plaintiff in error.

*Harris & Harris,* contra.