## 11938

ROBINSON, *ET AL.* v. GRAND LODGE, KNIGHTS OF PYTHIAS, ETC.

(131 S. E., 774)

1. Insurance—Whether Insured Designated Mother as Beneficiary and Never Revoked Designation Held for Jury (Civ. Code, 1922, § 4151).—Whether insured designated his mother, as beneficiary and failed to revoke such designation, so as to entitle her, under Civ. Code, 1922, § 4151, to proceeds of fraternal endowment policy, payable to his legal heirs or representatives on his death, *held* for jury in his children's action on policy.

2. Insurance—Board of Control of Fraternal Association not Authorized to Go Beyond Its Regulations or Contrary to Statutes in Awarding Proceeds of Endowment Policy (Civ. Code, 1922, § 4151).—Board of control, authorized by regulation of fraternal association to decide doubtful questions and pass on all claims, could not go beyond regulations or contrary to statutes (Civ. Code, 1922, § 4151), and award to insured's mother, not designated as

beneficiary, as against his children, proceeds of endowment policy payable to his legal heirs or representatives.

3. Insurance—Charge, in Action on Fraternal Policy, Payable to Widow, Heirs, or Representatives, Held not Erroneous as Charging That Proceeds Were Inheritable.—In action by insured's children on fraternal endowment policy, payable on his death to his widow, legal heirs, or representatives, charge that plaintiffs were insured's sole heirs, inheriting what he left when he died leaving no widow, that policy is not part of his estate unless payable thereto, that proceeds are payable to beneficiary, but that if no beneficiary was named plaintiffs are entitled to recover, unless defendant had authority to and did pay some one else, *held* not erroneous as charging that proceeds of policy were inheritable.

4. Insurance—Mother not Designated as Beneficiary Could not Take Ahead of Widow or Children Under Policy Payable to Insured's Widow, Heirs, or Representatives (Civ. Code, 1922, § 4151).—Under fraternal endowment policy, payable to insured's widow, legal heirs, or representatives, insured's mother, unless specially designated as beneficiary, could not take ahead of his widow or children, under Civ. Code, 1922, § 4151.

5. Appeal and Error—Error, if any, in Charge That Insured's Children Could Recover on Policy, Payable to Widow, Heirs, or Representatives, if no Beneficiary Was Named, Unless Insurer Had Authority to and Did Pay Another, Held Favorable to Insured, Which Could not Complain on Appeal.—In action by insured's children on fraternal endowment policy, payable to insured's widow, heirs, or representatives, error, if any, in charge that plaintiffs were insured's sole heirs, inheriting what he left when he died leaving no widow, that policy is not part of his estate unless payable thereto, that proceeds are payable to beneficiary, but that if no beneficiary was named plaintiffs were entitled to recover, unless defendant, which paid proceeds to insured's mother as beneficiary, had authority to and did pay some one else than plaintiffs, was favorable to defendant, which could not complain thereof on appeal.

Before Dennis, J., Colleton, October, 1924. Affirmed.

Action by Leo Robinson and others, by Rose Ella Mike, as guardian *ad litem,* against the Grand Lodge, Knights of Pythias, of the State of South Carolina, Jurisdiction of the Supreme Lodge, Knights of Pythias, of North America, South America, Europe, Asia, Africa and Australia. From a judgment for plaintiffs, defendant appeals.

*Mr. N. J. Frederick,* for appellant, cites: *Insurance policy may be subject of gift inter vivos:* 28 C. J., 645. *Burden of proving beneficiaries:* 100 S. C., 517. *Rights of beneficiary under fraternal policy vest on death of insured:* Civ. Code, 1922, Sec. 4151. *Pleadings to be liberally construed:* Code Civ. Proc., 1922, Sec. 420.

*Messrs. Padgett & Moorer,* for respondent, cite: *Oral statement of change of beneficiary sufficient:* 100 S. C., 517; 84 S. E., 180. *Purpose of fraternal policies:* 77 S. C., 517.

March 9, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

In their complaint, plaintiffs alleged that, as children of Eddie Robinson, colored, deceased, whose wife predeceased him, they were sole heirs at law; and were entitled to receive the proceeds of an endowment policy, issued to him by defendant, a domestic fraternal association, which was payable to "the widow, legal heirs or representatives." The defendant admitted the main allegations of the complaint, "save that the plaintiffs are the children and sole heirs at law of Eddie Robinson"; and further alleged that it had paid the amount due under the policy to Susan Robinson, mother of deceased, according to its rules and regulations. The verdict was in favor of plaintiffs, and defendant has appealed on two grounds: (1) That a verdict should have been directed in its favor; and (2) that the presiding Judge erred in his charge.

In the trial, plaintiffs contended that, under the pleadings, there was but one issue, namely: Were plaintiffs the sole heirs at law of deceased? The presiding Judge construed the pleadings liberally in favor of defendant, and allowed it to introduce evidence on other issues.

The facts pertinent here are, briefly, these: Robinson was not married when he became a member of the association. The physician who examined him for his insurance,

in the presence of officers of the subordinate lodge, testified that Robinson declined to designate any special beneficiary, when asked to do so. There was some testimony that he was then contemplating an early marriage. In some of the records of the subordinate lodge, the mother of deceased was set down as beneficiary. There was evidence that this designation had not been made at the instance of deceased, but that it had been written by an officer of the lodge who was a son-in-law of Susan Robinson. The records at the headquarters of the Grand Lodge did not show that a special beneficiary had been named.

Both appellant and respondents seem to rely upon the case of *Hunter v. Hunter,* 84 S. E., 180; 100 S. C., 517. In that case, Hon. Frank B. Gary, Circuit Judge, construed a policy (or certificate) identical with the one here, the section of the Code governing such policies (now Section 4151 of Volume 3 of the Code 1922), and certain of the rules and regulations of the defendant, which were also introduced in this cause. The opinion of Judge Gary was made the opinion of this Court. We may, therefore, in passing upon the questions before us, follow the principles announced in the *Hunter Case,* as far as they are applicable here. There it was held as follows:

(a) Within the statutory restrictions, the member "shall have the right to designate his beneficiary, and from time to time to have the same changed in accordance with the laws, rules, or regulations of the association, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member."

(b) "Section 1 of the endowment laws * * *, provides for an endowment department whereby, upon proof of the death of a knight (member) in good standing, * * * there shall be paid to his widow, heirs or legal representatives a certain amount."

(c) "Section 6 * * * provides that * * * the Grand

Chancellor shall * * * proceed to pay * * * the widows, heirs or legal representatives."

(d) "Section 10 * * * defines legal representatives as designated in Section 1 as intended to apply to the family or relatives of deceased members or some one dependent upon him for support, to wit, widow, children, mother and father, etc."

(e) "The policy * * * provides that the said benefit will be paid to the widow, legal heirs or representatives."

Further, in the case cited, it was held that—

"The widow [in that case] was not specifically named as the sole beneficiary under the policy, but was named as one of a class from which the assured might select a beneficiary, this class having been limited by the statute law, and having been further limited by the endowment law."

And it was also held that the beneficiaries "had no vested interest until the policy became due and payable, and the assured could at any time change the beneficiary by complying with the regulations of the order." Judge Gary pointed out in his opinion, as we still observe, that there is "no specific regulation as to the manner of designating a beneficiary in the first instance, or of changing a beneficiary already named."

The mother is not mentioned in the certificate, either by name or by her relationship, as a beneficiary. She could not be classed in the certificate as coming under the term "heirs," for, in this instance, the surviving children of deceased are his sole heirs; his wife having predeceased him. But by the association's rules, she was eligible to be designated as one of the beneficiaries, or as sole beneficiary, under the definition as given of the term "representatives."

Under the *Hunter Case,* waiving plaintiff's view of the pleadings, if deceased specially designated, in proper manner, the mother as his sole beneficiary, and there was no change made by him, she was entitled to the proceeds of the certificate. Did he so designate, and

fail to revoke such designation? That was a plain question of fact. There was evidence pro and con. So, the trial Judge properly submitted that issue to the jury.

2   The appellant says further, that, even if the mother was not designated as beneficiary by deceased, yet the association had the right to pay the amount of the policy to her, and that such payment was full discharge of its obligation, as justification for this postiion, it relies on Section 2 of its regulations, as follows:

"The board of control shall * * * decide all questions of doubt and irregularity that shall arise and shall pass upon all claims."

This rule was not passed upon in the *Hunter Case.* There seems to be no dispute that the board named passed on the claim and awarded the money to the mother. But this board had no power to go beyond the regulations of the association; and, certainly, no authority to go contrary to the statutes. That regulation simply left it to the board of control to act for the association in determining what it should do in cases of contested claims. The board could not bind beneficiaries, and especially minors. If this position of the defendant was tenable, the board of control could, in a given case, where there had been no designation of a beneficiary, refuse to settle with the widow or children of a member, and pay the amount of a policy to any of his "blood relatives," for all such relatives seem to come within the association's definition of the term "legal representatives." Such acts would destroy one of the main objects of the organization —to give assistance to the widows, children, aged fathers, and mothers of their deceased members.

The Circuit Judge very properly refused to direct the verdict for the defendant.

3   The Court instructed the jury as follows:

"Now, I charge you that a man's heirs—that this man, Eddie Robinson, when he died leaving no widow, but left children, that these children are his heirs, exclusively

his heirs; that is, they inherit what he left when he died, unless he made a will disposing of it and giving it to some one else. I charge you further that the policy of insurance, unless payable to the man's estate, is not a part of his estate. The proceeds of a policy of insurance is payable to the beneficiary, don't make any difference about the man's estate, but in this case, if no beneficiary was named, the plaintiffs would be entitled to recover because they are the people who come within the degree, unless you find that the Grand Lodge had authority to pay somebody else and that they exercised that authority."

The defendant imputes error in this charge on three grounds: First, that the proceeds of fraternal policies are not inheritable; second, under the policy the mother of a member has equal rights with his children when no designation is made; and, third, that the defendant had the right under its rules to pay to any one within the class prescribed by the statute and its rules. The jury were not charged that the proceeds of the policy were inheritable by the "heirs," but, to the contrary, the Judge made a definite distinction between proceeds of policies of insurance not payable to the estate of an intestate and his other estate.

As pointed out heretofore, unless a mother is specially designated as beneficiary, she could not take under the policy in this case ahead of the widow or children. In addition to the *Hunter Case, supra,* the case of *Speegle v. Woodmen of the World,* 58 S. E., 435; 77 S. C., 517, is authority to some extent for this view.

We have already disposed of the question of the right of the defendant to make payment on a decision of its board of control.

If there was error in the charge, to which exception was taken, it was in favor of the appellant, and it cannot complain thereat. This exception is overruled.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and STABLER concur.