QUINTON, administratrix, *v.* MILLICAN *et al.*

.176

.No. 14526.   JUNE 11, 1943.

178

*J. L. Wallace* and *James Maddox,* for plaintiff in error.

*Dixon & Dixon, G. W. Lankford, Lanham & Parker,* and *Matthews, Owens & Maddox,* contra.

BELL, Presiding Justice. ■ "A person has an unlimited insurable interest in his own life, and can, where there is no intent to enter into a wagering contract, lawfully take out a policy of insurance on his own life, and make the same payable to whomsoever he pleases, regardless of whether the latter has an insurable interest in the life of the insured." *Clements* v. *Terrell,* 167 *Ga.* 237 (145 S. E. 78, 60 A. L. R. 969) ; *Union Fraternal League* v. *Walton,* 109 *Ga.* 1 (34 S. E. 317, 46 L. R. A. 424, 77 Am. St. R. 350) ; *Rylander* v. *Allen,* 125 *Ga.* 206 (53 S. E. 1032, 6 L. R. A. (N. S.) 128, 5 Ann. Cas. 355). There is no contention in this case that the certificate of insurance constituted a wagering contract. The rule stated above does not apply to policies issued by fraternal and benefit societies, where the classes of beneficiaries are restricted; but there was no such restriction in this case. Code, §§ 56-1608,

56-1703; *Union Fraternal League* v. *Walton,* 112 *Ga.* 315 (37 S. E. 389); *District Grand Lodge* v. *Cothran,* 156 *Ga.* 631 (119 S. E. 594, 31 L. R. A. 759), s. c. 31 *Ga. App.* 122 (120 S. E. 22); *District Grand Lodge* v. *Gardner,* 27 *Ga. App.* 145 (107 S. E. 774); Jones v. Sovereign Camp, 35 Fed. 2d, 345.

■ A regular life-insurance policy issued to a man on his own life, and in favor of his paramour, may, if not otherwise invalid, be collected by her; and where she is designated by name, although the words "whose relationship to me is that of wife" are added, she rather than his lawful wife is entitled to the proceeds. Code, § 56-903; *Clements* v. *Terrell,* supra; *Equitable Life Assurance Society* v. *Paterson,* 41 *Ga.* 338 (2) (5 Am. R. 535); *Grand Lodge Knights of Pythias* v. *Barnard,* 9 *Ga. App.* 71, 79 (70 S. E. 678); 2 Couch on Insurance, 1090, § 371; 29 Am. Jur. 965, § 1292; Yett v. Yett, 261 Ky. 737 (88 S. W. 2d, 962); Mutual Benefit Life Insurance Co. v. Cummings, 66 Ore. 272 (126 Pac. 982, 133 Pac. 1169, 47 L. R. A. (N. S.) 252, Ann. Cas. 1915B, 535); Walker v. General American Life Insurance Co. (Mo.), (141 S. W. 2d, 785). In each of the following cases, where the beneficiary appeared to occupy the relation of paramour, and recovery was denied, the policy was issued by a fraternal or benefit association, and the rulings were based on restrictions contained in the policy or rules of the associations: Di Messiah v. Gern, 10 Misc. 30 (30 N. Y. Supp. 824); Carter v. Employee's Benefit Association, 212 Ill. App. 213; Bolton v. Bolton, 73 Me. 299; Grand Lodge Order of Hermann-Soehne v. Elsner, 26 Mo. App. 108; Keener v. Grand Lodge A. O. U. W., 38 Mo. App. 543; Grand Lodge A. O. U. W. v. Hanses, 81 Mo. App. 545. In Jones v. Sovereign Camp W. O. W., 35 Fed. 2d, 345, the insurer was a fraternal organization. The insured, a married man, designated a woman who was not his wife, describing her as "cousin," though she was in fact not related to him. The fund was awarded to the insured's wife, it being held that the beneficiary named was not within the class permitted by the law of Georgia to receive benefits under such a policy.

■ In the instant case the insurance company paid the fund into court on interpleader, and presented no contention as to its liability or as to the validity or invalidity of any claim. The policy was originally made payable to Ellen Green, but the right to change the beneficiary was reserved by the insured, and at his direction the

policy was so changed by the company as to substitute the name of "Clara Quinton" as beneficiary, she being the same person as Clara Millican. While Ellen Green filed an answer claiming the fund, she introduced no evidence, did not move for a new trial, and has not excepted. Therefore the case must be determined here as one solely between Clara Millican as designated beneficiary, and Mrs. Maude New Quinton as administratrix of the insured. It is contended by the administratrix that the designation of "Clara Quinton" as beneficiary was result of an illegal agreement between her and the insured, whereby they would live together as man and wife, and that in view of such illegal and immoral consideration, the designation is void and unenforceable. While the evidence would have authorized a finding that the agreement to change the beneficiary was based upon such consideration, and therefore, if the change had not already been made and "Clara Quinton" were seeking to have it made, she would have no standing for that purpose, yet the change in beneficiary was actually made as directed by the insured; and thus, regardless of any illegal agreement with which it was tainted, the principle invoked by the plaintiff in error has no application.

A contract to do an immoral or illegal thing is void. Code, § 20-501. If such contract is executory, neither party can enforce it. *Howell* v. *Fountain*, 3 *Ga.* 176 (46 Am. D. 415) ; *Heineman* v. *Newman*, 55 *Ga.* 262 (21 Am. R. 279) ; *Rhodes* v. *Neal*, 64 *Ga.* 704 (37 Am. R. 93). But if the contract is executed, it will be allowed to stand. *Parrott* v. *Baker*, 82 *Ga.* 364 (4) (9 S. E. 1068) ; *Garrison* v. *Burns*, 98 *Ga.* 762 (26 S. E. 471) ; *Beard* v. *White*, 120 *Ga.* 1018 (4) (48 S. E. 400) ; *Arteaga* v. *Arteaga*, 169 *Ga.* 595 (151 S. E. 5). Since the insured was equally in the wrong in so far as any illegal agreement with the substituted beneficiary is concerned, he himself during his lifetime would not have been heard to attack it after it had been executed; and since his administratrix stands in his shoes, it necessarily follows that she will not be permitted to do so. Therefore the policy must be allowed to stand in its present form, and to have effect accordingly, in so far as the claims of these two parties are concerned. *Crosby* v. *DeGraffenreid*, 19 *Ga.* 290 ; *Bush* v. *Rogan*, 65 *Ga.* 320 (38 Am. R. 785) ; *Edwards* v *Kilpatrick*, 70 *Ga.* 328 ; *Fouché* v. *Brower*, 74 *Ga.* 251 (4-b) ; *Moore* v. *Cline*, 115 *Ga.* 405, 408 (41 S. E. 614) ;

*Watkins* v. *Nugen,* 118 *Ga.* 372 (2), 375 (45 S. E. 260, 262);
*Perry* v. *Reynolds,* 137 *Ga.* 427 (2) (73 S. E. 656); *Boswell* v.
*Boswell,* 147 *Ga.* 734 (2) (95 S. E. 347); *Arteaga* v. *Arteaga,* supra.
As to this feature of the case, it is distinguished by its facts from
*Watkins* v. *Nugen,* supra, where the party attacking the deed was
not a party to it, but asserted independent title and sought to have
the deed canceled as a cloud thereon.   Again, in *Postelle* v. *Rivers,*
112 *Ga.* 850 (38 S. E. 109), the action was based upon an executory
contract; and it was held that the plaintiff could not recover, since
it appeared that the contract was based upon an illegal and im-
moral consideration.   In the instant case, even if the designation
of the defendant in error as beneficiary was not an executed trans-
action before the insured's death, it certainly became such upon
the instant of death, after which no further change in beneficiary
could be made.  Moreover, it appears that the policy here was never
at any time payable to the estate of the insured or to his wife, Mrs.
Maude New Quinton; and we are unable to see how she could in
any capacity attack the claim of the substituted beneficiary on the
ground that the change in beneficiary was made in pursuance of
an illegal agreement between the insured and the latter claimant.

■   The court did not err in directing the verdict in favor of
Clara Millican as substituted beneficiary, or in overruling the mo-
tion for a new trial filed by the administratrix.

*Judgment affirmed.   All the Justices concur.*