40842. SCOTT, Administrator v. THE STATE GRAND LODGE NO. 1, SONS & DAUGHTERS MODERN PROTECTIVE ORDER OF THE GOOD SAMARITAN.

BELL, Presiding Judge. The plaintiff in error pursues this appeal objecting to the judgment of the trial court dismissing his petition on general demurrer. The petition was brought by the temporary administrator of the estate of a deceased member of a benefit society and sought to recover the face amount of an insurance certificate issued to the deceased by the society. *Held:*

The judgment of the trial court must be affirmed.

The certificate of insurance was issued by the society on September 16, 1944. *Code Ann.* § 56-1606, in effect at that time and governing the contract in part, provided that "No beneficiary shall have or obtain any vested interest in the proceeds of any certificate until such certificate has become due and payable in conformity with the provisions of the insurance contract. The insured member shall have the right at all

times to change the beneficiary or beneficiaries in accordance with the constitution, bylaws, rules or regulations of the society. Every society, may, by its constitution, bylaws, rules or regulations, limit the scope of beneficiaries."

The certificate in this case as attached to the petition contains the restrictive provision as a condition precedent to one's being a beneficiary that "The beneficiary or beneficiaries of this policy shall be related by blood, or else shall be dependent on the certificate holder for support, if other than husband or wife." The petition is totally silent regarding the existence of any heir of the deceased or of anyone else meeting these clear requirements of the certificate. Thus the inescapable inference is that there is no one eligible to be a beneficiary under the certificate.

A petition when considered on general demurrer must be construed against the pleader. Among other things this rule means that the absence of an allegation of material fact in a petition signifies the non-existence of that fact. *Hulsey v. Interstate &c. Ins. Co.*, 207 Ga. 167 (60 SE2d 353); *Rives v. Atlanta Newspapers, Inc.*, 220 Ga. 485 (139 SE2d 395).

In absence of provisions in the constitution, charter, bylaws, or certificate of membership of a benefit society, or by statute of the State which would prevent a forfeiture, the benefits of a mutual benefit association certificate revert to the order when there is no proper beneficiary to the proceeds of the certificate, *District Grand Lodge No. 18 &c. v. Cothran,* 156 Ga. 631 (119 SE 594, 31 ALR 759); s. c., 31 Ga. App. 122 (120 SE 22). See *Tucker v. Knights of Phythias of North and South America,* 135 Ga. 56 (68 SE 796). (Note: This rule of law is apparently changed by the Georgia Insurance Code (Ga. L. 1960, pp. 289-764), so that forfeitures are now prohibited. It now appears that the proceeds of certificates issued after January 1, 1961, where there is no lawful beneficiary, shall be payable to the personal representative of the deceased member. *Code Ann.* § 56-1918.)

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

DECIDED DECEMBER 1, 1964.

*Wilbur A. Orr,* for plaintiff in error.
*Lawson E. Thompson,* contra.